**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

BOOKER W. HOLMES, ET AL.                                CIVIL ACTION

VERSUS                                                              No. 20-880

ALBERT L. BOSSIER, JR., ET AL.                        SECTION I

<u>**ORDER & REASONS**</u>

Before the Court is a motion[1] filed by plaintiffs Linda Holmes, April Dzeskewicz, Quida Thornton, Mikhail McGill, Michael Watson, and Anthoni O'Niel (collectively, the "plaintiffs"), each individually and as the surviving beneficiaries of plaintiff-decedent Booker W. Holmes ("Holmes"), to remand the above-captioned matter to Louisiana state court. Defendants Huntington Ingalls Incorporated ("Huntington Ingalls") and Albert J. Bossier, Jr. ("Bossier"), an executive of Huntington Ingalls (collectively, the "defendants"), oppose the motion.[2] For the following reasons, the motion is denied.

**I.**

This case arises from Holmes's alleged exposure to asbestos in the 1970s while he was employed by Huntington Ingalls as a welder at the Avondale shipyard in New

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 15. The other defendants in this action are: Certain Underwriters at Lloyds, London; Lamorak Insurance Company; Travelers Indemnity Company; CBS Corporation; Eagle, Inc.; McCarty Corporation; Hopeman Brothers, Inc.; International Paper Company; Komp Equipment Company, Inc.; Liberty Mutual Insurance Company; Taylor-Seidenbach, Inc.; J. Melton Garrett; and One Beacon America Insurance Company.

Orleans, Louisiana.[3] In February 2018, Holmes was diagnosed with malignant mesothelioma.[4] On August 27, 2018 Holmes initiated suit in the Civil District Court for the Parish of Orleans, alleging that defendants exposed him to asbestos, negligently failed to warn him of the hazards of asbestos, and negligently failed to implement any of the industrial hygiene and engineering safeguards then known to lessen or eliminate asbestos exposure.[5] Holmes asserts only negligence claims against Huntington Ingalls and Bossier.[6]

Holmes passed away as a result of mesothelioma on October 7, 2018.[7] On December 14, 2018, Holmes's surviving spouse and children filed a supplemental and amending petition, bringing survival and wrongful death claims and naming themselves as plaintiffs.[8]

On February 21, 2019, Holmes's former co-worker, Leon Wallis ("Wallis"), was deposed.[9] Wallis's employment records, introduced as an exhibit at his deposition, purportedly show that he worked aboard numerous vessels being constructed for the

---

[3] R. Doc. No. 20-1, at 3 ¶ 3, 4 ¶ 12.

[4] *Id*. at 3 ¶ 3.

[5] *Id*. at 9–11 ¶¶ 28–31.

[6] Holmes asserts that those defendants who were the manufacturers, sellers, contractors, and/or suppliers of asbestos products "are liable to Petitioner in strict liability for things in their guard, possession, custody or control, pursuant to article 2317 of the Louisiana Civil Code that have caused harm to Petitioner." *Id*. at 2–3 ¶¶ 8–16, 8–9 ¶¶ 24–27.

[7] R. Doc. No. 8-5.

[8] R. Doc. No. 8-8.

[9] R. Doc. No. 8-10.

U.S. Navy at the Avondale shipyard.[10] Counsel for defendants were present at this deposition and received the deposition transcript on March 13, 2019.[11]

Employment records of another one of Holmes's former co-workers, Edward Cyprian ("Cyprian"), were circulated to all counsel and introduced as an exhibit at Cyprian's deposition on September 17, 2019.[12] Cyprian's employment records also purportedly show that he, along with Holmes, worked aboard numerous vessels being constructed for the U.S. Navy at the Avondale shipyard.[13] Counsel for defendants were present at this deposition and received the deposition transcript on October 1, 2019.[14]

On March 13, 2020, defendants removed this matter to federal court, pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442.[15] In their notice of removal, defendants stated that removal was timely because the United States Court of Appeals for the Fifth Circuit issued an *en banc* decision, *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020), on February 24, 2020 that constituted an "other paper" pursuant to 28 U.S.C. § 1446(b)(3).[16]

## II.

The Federal Officer Removal Statute authorizes removal of a suit by the "United States or any agency thereof or any officer (or any person acting under that

---

[10] *See* R. Doc. No. 8-1, at 3; R. Doc. No. 8-10, at 23–33.
[11] R. Doc. No. 8-1, at 3; R. Doc. No. 8-10, at 3.
[12] R. Doc. No. 8-12, at 1; R. Doc. No. 8-13, at 42–87.
[13] *See* R. Doc. No. 8-1, at 4; R. Doc. No. 8-13, at 42–87.
[14] R. Doc. No. 8-1, at 4; R. Doc. No. 8-13, at 3.
[15] R. Doc. No. 1, at 1.
[16] *Id.* at 4 ¶ 9.

officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office. . . ." 28 U.S.C. § 1442(a)(1). To remove an action under section 1442(a), a defendant must show:

> (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.

*Latiolais*, 951 F.3d at 296 (5th Cir. 2020). The Federal Officer Removal Statute "must be liberally construed." *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 147 (2007). This right to removal "is absolute for conduct performed under color of federal office, and [the Supreme Court] has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (citing *Willingham v. Morgan*, 393 U.S. 402, 407 (1969)).

### III.

Plaintiffs do not dispute that the four requirements of the Federal Officer Removal Statute set forth in *Latiolais* are satisfied.[17] Rather, plaintiffs contest the timeliness of removal.[18] Generally, a defendant has thirty days from service to remove a matter to federal court. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."). The statute creates an exception

---

[17] *See* R. Doc. Nos. 8-1 & 16.
[18] R. Doc. No. 8-1, at 6–10.

when a case "by the initial pleading is not removable"; in such a case, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Plaintiffs concede that the case was not initially removable.[19] However, they argue that it became removable pursuant to the Federal Officer Removal Statute on March 13, 2019, when defendants received Wallis's deposition transcript.[20] Plaintiffs assert that the transcript is an "other paper" that made the case removable, because it indicated that Holmes may have been exposed to asbestos while constructing federal vessels.[21] At the very latest, plaintiffs contend, Cyprian's deposition transcript, which defendants received on October 1, 2019, confirmed that Holmes's claims involved the construction of ships pursuant to contracts with the U.S. Navy.[22] Therefore, plaintiffs reason, defendants' removal of the petition on March 13, 2020— well after the thirty-day window triggered by receipt of either Wallis's or Cyprian's deposition transcript—was clearly untimely.[23]

Defendants argue that the deposition transcripts of Wallis and Cyprian were not "other papers" and thus did not trigger the thirty-day removal window, because the transcripts did not demonstrate that the case was one that defendants could

---

[19] R. Doc. No. 8-1, at 7.
[20] *Id.*
[21] *Id.* at 7–9.
[22] *Id.* at 7.
[23] *Id.* at 10.

5

successfully remove.[24] Defendants assert that the case could not be removed upon receipt of the transcripts because pre-*Latiolais* Fifth Circuit jurisprudence held that asbestos-exposure negligence claims were not removable under the Federal Officer Removal Statute.[25] Rather, defendants argue that the Fifth Circuit's *en banc* decision in *Latiolais* is an "order or other paper" that first made the case removable and, therefore, their removal is clearly timely because it was filed within thirty days of the *Latiolais* decision.[26]

The Court will first consider whether defendants' removal is timely and, next, whether *Latiolais* is an "order or other paper" for purposes of section 1446(b)(3).

### A. Timeliness of Defendants' Removal

As previously discussed, 28 U.S.C. § 1442(a)(1) authorizes removal of a lawsuit by any person acting under a United States agency or officer "for or relating to any act under color of such office[.]" Prior to *Latiolais*, the Fifth Circuit held that, in order to satisfy the "under color of office" requirement, removing defendants must demonstrate that they "acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' action under color of federal office and the plaintiff's claims." *Latiolais*, 951 F.3d at 291 (quoting *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1998)) (internal quotation marks omitted).

---

[24] R. Doc. No. 15, at 18–19.
[25] *Id.* at 18–19.
[26] *Id.* at 19.

6

Before *Latiolais*, Fifth Circuit panels applied this "causal connection" test "even after Congress, in 2011, amended section 1442(a), altering the requirement that a removable case be 'for' any act under color of federal office and permitting removability of a case 'for *or relating to*' such acts, 28 U.S.C. § 1442(a) (2012) (emphasis added)." *Latiolais*, 951 F.3d at 291 (collecting cases). The Fifth Circuit repeatedly held that, pursuant to the causal connection test, asbestos-related cases that involved only negligence claims could not be removed under the Federal Officer Removal Statute. *See, e.g., Bartel*, 805 F.3d at 172; *Bourgeois v. Huntington Ingalls Inc.*, No. 20-1002, 2020 WL 2488026, at *3 (E.D. La. May 14, 2020) (Ashe, J.) (collecting cases). Therefore, prior to *Latiolais*, Huntington Ingalls and Bossier could not have successfully removed the case, as plaintiffs assert only negligence claims against them.

Plaintiffs' argument that the deposition transcripts were "other papers" that made the case removable well before *Latiolais* is unavailing.[27] Receipt of a deposition

---

[27] None of the cases plaintiffs cite supports this position, as none of them held that, prior to *Latiolais*, receipt of deposition transcripts that demonstrated that a plaintiff was exposed to asbestos while constructing a vessel pursuant to a contract with the U.S. Navy made the case removable under the Federal Officer Removal Statute. *See* R. Doc. No. 8-1, at 9–10 (citing *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612 (5th Cir. 2018) (adopting the rule that section 1446(b)(3)'s removal clock "begins ticking upon receipt of the deposition transcript," but remanding the case for a determination of whether the defendants met the substantive requirements of federal officer removal); *Blouin v. Huntington Ingalls Inc.*, No. 17-2636, 2017 WL 2628103, at *4–*7 (E.D. La. June 19, 2017) (Zainey, J.) (holding that the defendants timely removed the case within thirty days of receipt of the deposition transcript but remanding the case because the defendants failed to satisfy the causal connection requirement); *Uzee v. Huntington Ingalls Inc.*, No. 18-6856, 2018 WL 4579827, at *2–*4 (E.D. La. Sept. 25, 2018) (Milazzo, J.) (same); *Caballero v. Avondale Indus., Inc.*, No. 19-12356, 2019 WL 6975125, at *3 (E.D. La. Dec. 20, 2019) (Lemelle, J.) (holding

transcript is an "other paper" pursuant to section 1446(b)(3) if the transcript demonstrates in "unequivocally clear and certain" terms that the case has become removable. *Morgan*, 879 F.3d at 608–09. As previously discussed, at the time defendants received the transcripts—pre-*Latiolais*—it was unequivocally clear and certain that this case was *not* removable. *See Bourgeois*, 2020 WL 2488026, at *3. Had defendants removed the case at that time, it surely would have been remanded.

## B. "Order or Other Paper"

The Court will next consider whether the *Latiolais* decision constitutes an "order or other paper" that triggered another thirty-day window for defendants to remove the case pursuant to section 1446(b)(3). Decisions in unrelated cases are not "other papers," and they generally do not constitute "orders" within the meaning of section 1446(b)(3).[28] *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 266–67 (5th

---

that the defendants timely removed the case within thirty days of receipt of the deposition transcript but staying the proceedings to await the Fifth Circuit's decision in *Latiolais*); *Loupe v. Pennsylvania Gen. Ins. Co.*, No. 16-6075, 2016 WL 6803531, at *5 (E.D. La. Nov. 17, 2016) (Vance, J.) (holding that removal, seven months after receipt of the deposition transcript, was untimely and granting remand without considering whether the defendants satisfied the requirements of the Federal Officer Removal Statute)).

[28] Plaintiffs argue that because defendants referred to *Latiolais* as an "other paper" in their notice of removal rather than an "order," defendants do not contest that the decision is not an "order" for purposes of section 1446(b)(3). R. Doc. No. 8-1, at 16. However, as defendants note, "[section] 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and, therefore, the Supreme Court has instructed lower courts to "apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (internal quotation marks and citations omitted); R. Doc. No. 15, at 23. Accordingly, the Court finds that defendants' use of the term "other paper" instead of "order" to describe the *Latiolais* decision in their notice of removal does not compel remand.

Cir. 2001). In *Green*, however, the Fifth Circuit created a narrow exception to this general rule. It held that an order in a separate case may be an "order" under section 1446(b)(3) when both cases involve (1) the same defendants, (2) similar factual circumstances, and (3) the decision resolves a legal issue that has the effect of making the case removable. *Id.* at 267–68.

This case falls within the *Green* exception. First, Huntington Ingalls was also a defendant in *Latiolais*.[29] Second, both this case and *Latiolais* involve claims for injury arising from Huntington Ingall's use of asbestos at the direction of a federal officer. Third, *Latiolais* resolved the exact legal question at issue here: whether the Federal Officer Removal Statute allows for removal of asbestos-related negligence claims. Indeed, other courts that have considered this issue in the wake of *Latiolais* have come to the same conclusion. *See Hulin v. Huntington Ingalls, Inc.,* No. 20-924, 2020 WL 3072187, at *2 (E.D. La. June 10, 2020) (Vance, J.); *Melvin H. Francis v. ITG Brands, LLC*, No. 20-997, 2020 WL 2832538, at *3 (E.D. La. June 1, 2020) (Zainey, J.); *Broussard v. Huntington Ingalls, Inc.*, No. 20-836, 2020 WL 2744583, at *3 (E.D. La. May 27, 2020) (Lemmon, J.); *Bourgeois*, 2020 WL 2488026, at *4–*5. The law of the Fifth Circuit therefore makes clear that the *Latiolais* decision is an "order" within the meaning of section 1446(b)(3).

Plaintiffs contend that the narrow exception articulated in *Green* does not apply for three reasons: first, defendants did not attempt to remove the case prior to

---

[29] Plaintiffs do not argue that *Green* is inapplicable because Bossier, an executive of Huntington Ingalls, was not a named defendant in *Latiolais*.

the order that purportedly made the case removable, as the defendants did in *Green*;[30] second, defendants should have foreseen the need to remove the case based on Fifth Circuit opinions leading up to the *en banc* decision in *Latiolais* that acknowledged that the causal connection test was inconsistent with the 2011 amendments to the Federal Officer Removal Statute;[31] and third, defendants' suggestion that they were precluded from removing this case before *Latiolais* is clearly refuted by the other cases they "routinely removed" prior to the decision.[32]

It is true that the ultimately successful removal in *Green* was a *second* removal, whereas defendants' removal in this case was their first. However, the first removal in *Green* was based on a point of law that was not established by the Fifth Circuit. *See* 274 F.3d at 265–68 (noting that the question of federal preemption of claims against tobacco manufacturers was not established in the Fifth Circuit until its decision in *Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486 (5th Cir. 1999)). In other words, in *Green*, at the outset of the case, there was no controlling law holding the case to be non-removable. Therefore, it was not clearly nonremovable until it was removed and remanded the first time—with the basis for removal only then having been established as rejected. By contrast, here, there was a long line of controlling Fifth Circuit decisions establishing that asbestos-related cases that involved only negligence claims were not removable. Thus, because a prior removal was unnecessary to establish the non-removability of this case, it is irrelevant for

---

[30] R. Doc. No. 8-1, at 10–11.
[31] *Id.* at 13.
[32] *Id.* at 11–12.

purposes of applying the *Green* exception that defendants' first removal in this case is made pursuant to the Fifth Circuit's decision in *Latiolais*.[33]

Plaintiffs' arguments that defendants should have foreseen the result in *Latiolais* and that they were clearly not precluded from removing the instant matter because they had previously removed other similar cases are also meritless. Plaintiffs are correct that, leading up to the *en banc* decision in *Latiolais*, some panels of the Fifth Circuit were beginning to question precedent applying the causal connection test to asbestos-related negligence cases. *See, e.g.*, *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398, 404 (5th Cir. 2018) (recognizing that Fifth Circuit precedent interpreting section 1442(a)(1) relied on the pre-2011 amendment version of the statute and that "[a] revised approach may have merit"). Although certain judges and panels of the Fifth Circuit recognized that the court's interpretation of section 1442(a)(1) was questionable and should be revisited, there was no guarantee that the *en banc* court would eventually change it. Not even the *en banc* review of *Latiolais* guaranteed this result.

---

[33] Plaintiffs also rely on *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965 (8th Cir. 2007), in which the Eighth Circuit, in holding that *Green* was inapplicable to the case at hand, alluded to the procedural history that "the defendant [in *Green*] also had timely asserted [in a prior removal] the same basis for removal on which it later ultimately succeeded." *Id.* at 970. However, the prior removal and remand were not material to the Eighth Circuit's holding and does not effectively distinguish *Green* from this case. The decision in *Dahl* turned on the fact that the case from which the "order" issued involved completely different parties and addressed a question unrelated to the one barring removal at the outset of *Dahl*. *See Bourgeois*, 2020 WL 2488026, at *5 (recognizing this distinction).

Furthermore, the fact that defendants removed cases involving the same issue as in the instant matter does not mean that defendants were also required to remove this case prior to *Latiolais*.[34] Defendants were removing certain cases to challenge the prevailing jurisprudence, while also cognizant that remand and the need to appeal would be certain. In those cases, including *Latiolais*, defendants advocated that the 2011 amendment adding the words "relating to" to section 1442(a)(1) expanded federal-officer removal to include asbestos-related negligence claims, if the other conditions for such removal were met. *See Latiolais*, 951 F.3d at 292. "This was a non-frivolous argument, made in good faith, for a change in the law, but it was not necessary for [defendants] to make the argument (especially via the expensive and cumbersome process of removal, remand, and appeal) in every one of [their] cases in order to preserve a right to removal if the then-established law were later changed." *Bourgeois*, 2020 WL 2488026, at *4. To hold otherwise would mandate the kind of protective removal that the Fifth Circuit has plainly said is unnecessary. *See Morgan*, 879 F.3d at 610 (observing that encouraging defendants to act on "more equivocal information" will make "protective" removals undertaken to avoid the risk of losing the right to removal by the lapse of time unnecessary, thereby serving the goal of the removal statute to "prevent hasty, improper removals").[35]

---

[34] Plaintiffs provide a list of these cases in their motion. R. Doc. No. 8-1, at 8.

[35] Plaintiffs argue at length as to why the reasoning in *Green* is not sound and cite a number of cases in support of their position. R. Doc. No. 8-1, at 17–20. The Court gives no weight to this argument, as Fifth Circuit precedent is controlling.

**IV.**

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand is **DENIED.**

New Orleans, Louisiana, June 26, 2020.

                                    **LANCE M. AFRICK**
                       **UNITED STATES DISTRICT JUDGE**